IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY S. SCHELL,  :<br>    Plaintiff  :<br>                  :<br>    v.              :<br>                    :<br>PRIME CARE MEDICAL, *et al.*,  :<br>    Defendants  : | No. 1:22-cv-0995<br><br>(Judge Rambo) |

**MEMORANDUM**

Plaintiff Jeffrey S. Schell, who is currently incarcerated at Schuylkill County Prison, initiated the above-captioned *pro se* action under 42 U.S.C. § 1983.[1] (Doc. No. 2.) He asserts Eighth Amendment constitutional tort claims against Prime Care Medical (Prime Care) and Lehigh Valley Hospital (Lehigh Valley). Because Schell has failed to name proper Section 1983 defendants, the Court must dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

Schell alleges that in May 2022, he was given a medication by Prime Care called Toradol, which he claims caused a serious adverse reaction. (Doc. No. 2 at 4, 5.) He avers that he was diagnosed with medication-induced Stevens-Johnson

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

Syndrome and suffered third-degree burns and significant pain. (*Id.*) Schell was taken to Lehigh Valley Hospital for treatment, and he alleges that both Prime Care and Lehigh Valley "refused to give" him proper pain management medication and "left [him] to suffer." (*Id.*) He claims that Lehigh Valley also gave him Toradol, although he does not explain when or why he was given this medication at the hospital. (*Id.*)

Schell asserts a Section 1983 claim under the Eighth Amendment against Prime Care and Lehigh Valley, presumably alleging deliberate indifference to serious medical needs. (*See id.* at 3 (citing "cruel [and] unusual punishment" clause of Eighth Amendment as source of constitutional right).) However, neither named Defendant is a proper Section 1983 defendant, so the Court must dismiss Schell's complaint.

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when

resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step

one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Schell proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like Schell, is incarcerated.  *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

### III.  DISCUSSION

Schell appears to assert a claim of deliberate indifference to serious medical needs against Prime Care and Lehigh Valley.  Schell cannot maintain a Section 1983 claim against either Defendant.

### A. "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983, and entities such as private businesses do not qualify as "persons." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that Prime Care Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); *Ali v. Ann Klein Forensic Center*, No. 21-CV-316, 2022 WL 138084, at *3 (D.N.J. Jan. 14, 2022) (finding that state hospital "is not a 'person' within the meaning of § 1983").

5

Schell has sued Prime Care, a corporate entity that provides medical care to correctional facilities in Pennsylvania and beyond,[2] and Lehigh Valley, a private hospital not affiliated with the prison system.[3] Neither Defendant is a "person" subject to liability under Section 1983. Accordingly, these Defendants must be dismissed.

### B. State Action

Schell's Eighth Amendment claim against Lehigh Valley fails for an additional reason. Only state actors can be subject to Section 1983 liability. *See* 42 U.S.C. § 1983; *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Lehigh Valley is a private hospital, and Schell has provided no plausible allegations for why it should be deemed a state actor or why the care he received there could be considered state action. *See Kach*, 589 F.3d at 646. "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (citation omitted).

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless

---

[2] *See* PRIME CARE MEDICAL, INC., http://www.primecaremedical.com/about-us/ (last visited Aug. 29, 2022).

[3] *See* LEHIGH VALLEY HEALTH NETWORK, https://www.lvhn.org/locations/lehigh-valley-hospital-17th-street (last visited Aug. 29, 2022).

amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. Because it is conceivable that Schell may be able to cure his pleading deficiencies, the Court will permit him to file an amended complaint—in accordance with this Memorandum—in the event that he can aver facts that would plausibly state personal involvement, action by a "person" as that term is understood under Section 1983, and a constitutional violation.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Schell's complaint (Doc. No. 2) pursuant to 28 U.S.C. § 1915A(b)(1). Leave to amend will be granted. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: September 6, 2022